**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-6861**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL BERRY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (CR-00-493; CA-03-1599)

Submitted: January 31, 2007        Decided: March 5, 2007

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael Berry, Appellant Pro Se. Gregory Welsh, Angela R. White, Assistant United States Attorneys, Lynne Ann Battaglia, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Berry seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2000) motion. The district court docket sheet did not reflect that Berry filed a timely notice of appeal. However, Berry filed a motion on January 31, 2005, requesting that the district court apprise him of the status of his appeal. The district court responded that a notice of appeal had not been entered on the docket. Berry again filed a motion on May 15, 2005, requesting that the district court apprise him of the status of his appeal and certificate of appealability. Berry attached a copy of a notice of appeal, which was dated "November 2004." The district court construed this filing as a belated notice of appeal. We remanded the case to the district court to determine if Berry filed a timely notice of appeal and, if not, whether his January 31, 2005 filing constituted a timely motion for an extension of time.

The district court conducted a review of the filings after finding that a hearing was not necessary. The court determined that Berry's notice of appeal was due on December 28, 2004. The court found that Berry did not file a document that comported with the filing requirements.[1] A timely motion for an extension of time was due on January 27, 2005. See Fed. R. App.

---

[1]Berry had filed an attachment to his May 15, 2005 motion that purported to be a notice of appeal he sent to the court in November 2004.

- 2 -

P. 4(a)(5).  Berry filed a motion on January 31, 2005, to apprise him of the status of his appeal.  The district court found the pleading was not a timely filed motion for an extension of time.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order.  See Fed. R. App. P. 4(a)(1)(B).  This appeal period is mandatory and jurisdictional.  See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 267 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).  Since the district court entered the judgment against Berry on October 29, 2004, he had until December 28, 2004, to file a timely notice of appeal.

Because Berry is incarcerated, his notice of appeal is deemed filed when it is submitted to prison officials for mailing, in accordance with Houston v. Lack, 487 U.S. 266 (1988).  To demonstrate that he timely filed under this rule, Berry must either submit a notarized statement setting forth the date that he deposited the notice of appeal with prison officials or, alternatively, submit a declaration in compliance with 28 U.S.C. § 1746 (2000).  Fed. R. App. P. 4(c)(1).[2]

_____

[2]Under 28 U.S.C. § 1746(2), an inmate must execute a statement that a timely notice of appeal was deposited in the prison mail system in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).  (Signature)."  Under Rule 4(c)(1), the inmate must comply with § 1746 or provide a notarized statement setting forth the same general information as is required

Berry's statement in his notice of appeal attached as an exhibit does not comport with the requirements of Rule 4(c)(1) and 28 U.S.C. § 1746, as it is not notarized, makes no reference to the potential penalty for perjury, and is not specifically dated. In addition, his January 31, 2005 filing cannot be construed as a timely motion for an extension of time.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

under § 1746.